Jeannette HENNEY, Executrix of the Estate of Alfred Henney, deceased, Third Party Plaintiff-Appellant,

v.

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Third Party Defendant-Appellee.

Jeannette HENNEY, Executrix of the Estate of Alfred Henney, deceased, Defendant-Appellee,

v.

BUCKEYE UNION CASUALTY COMPANY, Intervening Petitioner-Appellant.

Nos. 14249, 14250.

United States Court of Appeals Sixth Circuit.

May 30, 1961.

Wilbur C. Jacobs and Donald F. Melhorn, Toledo, Ohio (Marshall, Melhorn, Bloch & Belt, Toledo, Ohio, on the brief), for Jeannette Henney.

Jamille G. Jamra, Toledo, Ohio (Eastman, Stichter & Smith, Toledo, Ohio, on the brief), for State Automobile Mut. Ins. Co.

William A. Finn and Thomas J. Manahan, Toledo, Ohio, for Buckeye, Union Cas. Co.

Before SIMONS, Senior Circuit Judge, CECIL, Circuit Judge, and THORNTON, District Judge.

SIMONS, Senior Circuit Judge.

The Henney family, prior to April 7, 1956, consisted of Kathleen Henney, her son Alfred and Jeannette Henney, Alfred's wife. They owned three automobiles: a Cadillac, the title to which was in Kathleen, a Chrysler and a Mercury,

the titles to which were in Alfred. The Cadillac was insured by The Buckeye Union Casualty Company and the other two automobiles by the State Automobile Mutual Insurance Company. It was the custom of the Henneys to use these cars interchangeably and each of the three had a key to each of the three automobiles. The Buckeye policy had the usual "omnibus clause" which not only covered Kathleen, but also covered those who used the Cadillac with the permission of the named insured therein. This policy was a renewal of a similar policy which expired on December 10, 1955 and covered a one year period from that date.

On the night of April 7, 1956, Alfred was driving the Cadillac, accompanied by a woman passenger, when the car collided with another car, resulting in the death of two passengers therein, injuries to two others, and in the death of Alfred. Four suits were commenced in the District Court by the occupants of the colliding car, or their representatives: two for wrongful death and two for personal injuries against Jeannette Henney who had become the executrix of the estate of her husband Alfred. The collision occurred approximately five months subsequent to Buckeye's renewal of the policy on the Cadillac. The basis for following facts found arises out of an earlier automobile accident, on September 4, 1955, in which Kathleen alone was involved. On that date, Kathleen suffered a severe stroke which from that time on rendered her totally incompetent. A Buckeye adjuster, investigating the September accident, submitted a report which recited that Kathleen had been practically unconscious since her injury, that her family had no hope for her recovery, that any attempt to obtain a deposition from her would be a useless gesture. Nevertheless, the policy was renewed with Kathleen as the named insured.

On February 28, 1956, about five weeks prior to the collision in which Alfred was killed, he signed his mother's name to the assignment form of the certificate of title to the Cadillac, assigning title from Kathleen, his mother, to Jeannette,

his wife, with signature duly notarized. Jeannette signed the application for the certificate of title and procured ostensible title to the Cadillac in her own name and also signed an application for license plates which were issued to her on the Cadillac.

Subsequent to the collision and the death of Alfred, a guardian for Kathleen was appointed by the Probate Court of Franklin County, Ohio, under appropriate Ohio law. The guardian instituted proceedings in the Probate Court claiming that Jeannette was unlawfully in possession of the Cadillac because Kathleen was incompetent and could not assign the title to Jeannette. Buckeye tried unsuccessfully to intervene in these proceedings. The Probate Court held that Jeannette was guilty of unlawful possession of the Cadillac, ordered it returned to the guardian, and imposed a fine provided by statute. Subsequent to the decision of the Probate Court, the four plaintiffs instituted their suits in the District Court and the Henney estate made demand upon Buckeye to defend the actions and otherwise perform the conditions of its policy issued to Kathleen Henney but the demand was refused. Buckeye then filed a motion in each of the cases, seeking the right to intervene to file a petition for declaratory judgment adjudicating its rights and liability under its policy. The motions were granted and Buckeye filed its intervening petitions. It contended that its policy did not cover Alfred Henney at the time of the accident because (1) the title to the insured automobile had been transferred prior to the date of the accident without notice and, hence, terminated the policy regardless of the ostensible transfer of title and (2) that Alfred could not have received permission from Kathleen at the time of the collision because of her total incompetency.

The Alfred Henney estate joined the State Automobile Mutual Insurance Company, as a third party defendant, on the ground that it had issued a policy on the Chrysler to Jeannette, who had assigned

it to Alfred about two months prior to the fatal collision, and another issued to Alfred Henney on the Mercury. Both policies were in effect at the time of the accident. Neither car was involved in the collision but the policies contained "extended coverage provisions" which included coverage for the named insured when using automobiles other than those insured under the policy. However, such "extended coverage" applies only to the excess over the dollar limits collectible under any policies covering such other automobiles. But since the amounts claimed against State were below the limit of the Buckeye policy, all parties now concede that State would be liable only if Buckeye were not. Thus, prior to the hearing, the following situation existed: Four claimants had brought actions against Alfred's estate, Buckeye had intervened seeking a declaratory judgment, and State had been brought in as a third party defendant.

However, a settlement was reached insofar as the plaintiffs were concerned wherein the estate, Buckeye and State created a fund from which the plaintiffs were paid an amount agreed upon in writing. Reservation was made, however, of the rights of the estate and the two insurance companies to claim reimbursement from the fund on the court's determination of the liability of the parties. Thereupon, the plaintiff's actions were dismissed as to the Henney estate and one Hughes, who had been included as a defendant. The District Court retained jurisdiction over issues involving insurance and ordered consolidation of the actions.

The evidence was wholly by depositions. The Court rightly conceived that the primary question was one of the construction and application of certain provisions of the automobile liability policy issued to Kathleen Henney by Buckeye and the action resolved itself into the construction and application of the provisions of the Buckeye policy. Buckeye contends that it has no liability under its policy; that prior to the occurrence of the collision the right and interest of Kathleen in and to the Cadillac was transferred to Jeannette Henney and no notice of said assignment and transfer was given to the petitioner. The Court held that under the Ohio Revised Code (section 4505.06) which provided that assignment of title must be accompanied by a certificate "duly assigned" and that Kathleen, on the date of the assignment, was incapable of assigning the title either directly or indirectly. We agree with this concept. It held the contention of Buckeye is not tenable and the assignment is null and void because of Kathleen's incompetency and she remained the owner, as specifically found by the Probate Court of Franklin County, Ohio.

The Court made meticulously detailed findings of fact. They are collected in the reported case of Toney v. Henney, D.C., 166 F.Supp. 85 and need not here be repeated. A careful consideration thereof leads to the conclusion that they are all supported by substantial evidence or reasonable inference that none are clearly erroneous. The title to the actions, as reported, is styled as in the original tort actions but by the settlement satisfying the plaintiffs therein and reserving the insurance issues for later decision, the parties in their briefs have styled the action as in the caption above.

The Court held Buckeye liable upon its policy to Henney's executrix under its policy of insurance and assessed as damages certain expenses and counsel fees as determined by it in supplemental findings of fact and conclusions of law. There appears to be no dispute as to these items. The State Automobile Mutual Insurance Company is released from all liability upon its policies.

The judgment is affirmed.